## No. 25629

**The People of the State of Colorado v. Reuben R. Bueno**
(516 P.2d 434)

Decided December 3, 1973.

John P. Moore, Attorney General, John E. Bush, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Appellant, Reuben R. Bueno, seeks reversal of his convictions of burglary and conspiracy to commit burglary by a jury in the Denver district court. We have examined his arguments for reversal and find no prejudicial error, and therefore affirm the judgments of conviction.

On March 28, 1971, at approximately 3 o'clock in the

afternoon, appellant and a confederate were seen by a neighbor, forcibly entering a home in Denver. The neighbor called the police, who immediately proceeded to the scene of the burglary. The two burglars were observed running out the back door of the house and a chase ensued. Shortly after, appellant was captured. His confederate was not apprehended.

I.

As his first proposition for reversal, appellant contends the evidence was insufficient to sustain the verdict. Our review of the record convinces us that there was ample competent evidence presented by the People from which the jury could reasonably conclude that appellant was guilty of both burglary and conspiracy to commit burglary. The evidence established without dispute that the house was burglarized; the front door was broken open; the house was ransacked; and money was taken. Appellant was identified by the neighbor, who was in a position to observe the crime, as one of the two men who, cooperating together, forcibly entered the dwelling and thereafter fled the scene. Two police officers observed appellant fleeing and thereafter succeeded in capturing him near the scene of the crime. The commission of the crimes and the appellant's participation were factual matters for the jury's determination. As has been so often stated by this Court, when the evidence, together with reasonable inferences therefrom, viewed in the light most favorable to the People, supports the jury's verdict of guilt, the jury's verdict will not be overturned on review. *Lamb v. People,* 181 Colo. 446, 509 P.2d 1267; *People v. Naranjo,* 181 Colo. 273, 509 P.2d 1235; *Cokley v. People,* 168 Colo. 52, 449 P.2d 824.

II.

Appellant also assigns as error the failure of the trial court to exercise its discretion in suppressing from evidence appellant's prior felony conviction. Before the presentation of his defense, appellant moved that the court prohibit the prosecution from showing on cross-examination that appellant had been previously convicted of a felony, or in the

alternative to limit the scope of inquiry to the fact, date and nature of the prior conviction. The court correctly denied the motion to suppress. The court granted the alternative portion of the motion.

The court was without discretion to prohibit such evidence. *People v. Yeager,* 182 Colo. 397, 513 P.2d 1057; C.R.S. 1963, 154-1-1. In *Yeager,* this Court rejected the precise rationale urged here by appellant, that our courts ought to have the discretion to prohibit such evidence, as that rule was announced in *Luck v. United States,* 348 F.2d 763 (D.C. Cir. 1965), and *People v. Montgomery,* 47 Ill. 2d 510, 268 N.E.2d 695. No new convincing argument has been presented by appellant to cause us to depart from the position we have taken in *Yeager, supra,* and we decline to do so.

The second phase of appellant's argument in the alternative urges that we reverse because the district attorney impermissibly went into the details of the offense of which appellant had been previously convicted. Appellant moved for a mistrial on the basis that the district attorney in cross-examining had gone beyond the scope of the trial court's limitation concerning the prior conviction. The motion was denied. We find no abuse of discretion in this ruling.

Contrary to appellant's position, the record discloses no detailed cross-questioning concerning the facts involved in appellant's prior conviction, which was for possession of burglar tools, C.R.S. 1963, 40-3-7. The district attorney asked only if appellant had pled guilty to the charge of possession of burglar tools, to which appellant answered in the affirmative. The inquiry was not beyond the proper scope concerning a prior conviction where evidence of the nature of the offense is permissible. *Candelaria v. People,* 177 Colo. 136, 493 P.2d 355.

The context in which the prior conviction issue was presented and resolved does not suggest any bad faith on the part of the district attorney, as prohibited by *People v. Lewis,* 180 Colo. 424, 506 P.2d 125, and the cases cited

therein. Additionally, the court properly instructed the jury on their limited consideration of the prior conviction evidence as only bearing upon the appellant's credibility.

The judgment is affirmed.