583 P.2d 293 (1978)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
John MEDINA and Fred A. Martinez, Defendants-Appellants.
Nos. 76-513, 77-026.
Colorado Court of Appeals, Div. I.
March 30, 1978.
Rehearing Denied May 4, 1978.
Certiorari Denied August 21, 1978.
*294 J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Karen Hoffman Seymour, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Rollie R. Rogers, Colorado State Public Defender, James F. Dumas, Jr., Chief Deputy State Public Defender, Carol L. Gerstl, Deputy State Public Defender, Denver, for defendants-appellants.
COYTE, Judge.
Convicted by a jury of rape, defendants, appeal. We affirm.
Defendants first contend that the charges against them should have been dismissed because they were not tried within six months from the entry of their pleas of not guilty as required by § 18-1-405, C.R.S. 1973, and Crim.P. 48(b)(1). On June 13, 1975, defendants' motion for partial transcripts of the preliminary hearing was denied. On the scheduled trial date, June 16, 1975, defendants requested and were granted a continuance in order to file an original proceeding under C.A.R. 21 in the Supreme Court challenging that ruling. The original proceeding was filed on June 23, 1975, and the resulting rule to show cause was discharged November 24, 1975. Petition for rehearing was denied December 15, 1975, and the mandate from the Supreme Court was filed in the trial court December 19, 1975. Defendants were noticed in for their trial setting on February 9, 1976, when trial was set for April 20, 1976. Defendants moved for dismissal on speedy trial grounds on April 16, 1976.
Section 18-1-405(3), C.R.S.1973, and Crim.P. 48(b)(3) state that if a defendant requests and is granted a continuance, the speedy trial period is extended for an additional *295 six-month period from the date the continuance was granted.
Defendants argue that because the continuance was requested in order to file the original proceeding, § 18-1-405(3) ought not to be applied to their case. We disagree.
In People v. Steele, Colo., 563 P.2d 6 (1977) defendant argued that she was forced, by the prosecutor's late endorsement of a witness, to seek a continuance. Nevertheless, the court held that her tactical decision to seek a continuance was chargeable to her in the absence of a showing of bad faith on the part of the prosecutor. See also Simakis v. District Court, Colo., 577 P.2d 3 (1978) (No. 27889, announced January 9, 1978) and People v. Ybarra, Colo., 547 P.2d 925 (1976). The decision of the defendants in the instant case to ask for a continuance to challenge the denial of free transcripts was also a tactical decision. Thus we conclude that § 18-1-405(3) applies to their request for a continuance.
Section 18-1-405(6)(b), C.R.S.1973, and Crim.P. 48(b)(6)(II) exclude from the computation of the time in which the defendant shall be brought to trial the period of delay caused by an interlocutory appeal. An original proceeding under C.A.R. 21 is, technically speaking, not an interlocutory appeal. Though the speedy trial statute (§ 18-1-405(6)(b), C.R.S.1973) refers to "the period of delay caused by an interlocutory appeal whether commenced by the defendant or by the prosecution," (emphasis added), C.A.R. 4.1 on interlocutory appeals in criminal cases deals only with interlocutory appeals filed by the state; it does not mention appeals filed by the defendant. Defendant's original proceeding was interlocutory in nature in that it intervened between the commencement and the final decision of his case, and it was the only procedural mechanism available to the defendant under the rules, since C.A.R. 4.1 precludes interlocutory appeals by the defendant. Thus it should be treated as an interlocutory appeal for purposes of the speedy trial statute, and the time attributable to it should be excluded from the speedy trial period.
Applying these two speedy trial provisions to the defendants' case, we conclude that the defendants' request for a continuance on the date first set for trial, June 16, 1975, brought into play § 18-1-405(3), C.R. S.1973, and Crim.P. 48(b)(3), which extended the speedy trial period six months from that date. But the time allocable to the original proceeding, (June 23, 1975 to December 19, 1975) must be excluded from the new six-month period under § 18-1-405(6)(b). Because of this exclusion, the six-month period extended until June 12, 1976. Since the defendants were tried on April 20, 1976, they were not denied a speedy trial. We reject defendants' contention that § 18-1-405(3), C.R.S.1973, is inapplicable here. Nothing prevents the exclusionary provisions of the computation section of the statute, § 18-1-405(6)(b) from being applied concomitantly with § 18-1-405(3). See People v. Steele, supra, and People v. Gillings, Colo.App., 568 P.2d 92 (1977).
At trial, defendants sought to have the trial court limit their cross-examination concerning a previous felony conviction for gross sexual imposition so as to preclude mention of the nature of that crime. Asserting that the trial court's refusal to so limit their cross-examination "chilled" the exercise of their right to testify, they assign that ruling as error. We disagree.
A prior felony conviction may be used to impeach a witness. Section 13-90-101, C.R.S.1973. A trial court has no discretion to foreclose use of a prior felony conviction for purposes of impeachment. People v. Hubbard, 184 Colo. 225, 519 P.2d 951 (1974). The court has discretion to limit cross-examination on this point to exclude detailed cross-questioning concerning the facts involved in the appellant's prior conviction, People v. Bueno, 183 Colo. 304, 516 P.2d 434 (1973); however, "[w]hen a defendant exercises his statutory privilege of testifying, all prior felony convictions and their nature may be shown to impeach his testimony." (emphasis added); Candelaria v. People, 177 Colo. 136, 493 P.2d 355 (1972). *296 See also Eachus v. People, 124 Colo. 454, 238 P.2d 885 (1951); and Hendricks v. People, 78 Colo. 264, 241 P. 734 (1925).
The theory that such a ruling "chills" the defendants' right to testify has been considered and rejected by both state and federal courts in Colorado. People v. Hubbard, supra; Hubbard v. Wilson, 401 F.Supp. 495 (D.Colo.1975).
Judgment affirmed.
ENOCH and PIERCE, JJ., concur.