613 P.2d 936

**Francis Clayton PALMER, Petitioner-Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 13155.**

Supreme Court of Idaho.

July 14, 1980.

Larry D. Scott, Boise, for petitioner-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for respondent.

PER CURIAM.

Petitioner-appellant, Francis Palmer, was convicted of first degree burglary on July 19, 1976, and sentenced to a term of imprisonment not to exceed fourteen years. An appeal was filed, briefed and argued before the Idaho Supreme Court, and the conviction was affirmed; *State v. Palmer*, 98 Idaho 845, 574 P.2d 533 (1978). Palmer then filed a motion for post-conviction relief. The court appointed counsel at Palmer's request. Counsel filed an amended petition for post-conviction relief with the Fourth District Court on September 5, 1978, alleging that Palmer had been denied a fair trial before an impartial jury because of the felony impeachment rule now existing in Idaho. A brief was filed supporting that position in the district court.

The court dismissed the petition on November 6, 1978, pursuant to the prosecutor's motion, on the ground that the issue of the felony impeachment rule had been considered and disposed of in *State v. Palmer, supra*. The petitioner-appellant filed this appeal on December 14, 1978.

The sole issue raised by the petitioner-appellant Palmer is whether the district court was correct in dismissing his petition for post-conviction relief on the basis that the

issue raised in the petition had previously been decided by this court in Palmer's appeal from his criminal conviction. *State v. Palmer, supra*. In this petition, the appellant challenges the constitutionality of the felony impeachment rule, I.R.C.P. 43(b)(6),[1] which provided at times pertinent to this case:

> "Impeachment by adverse party.—A witness may be impeached by the party against whom he was called, by contradictory evidence, or by evidence that his general reputation for truth, honesty or integrity is bad, but not by evidence of particular wrongful acts, except that it may be shown by the examination of the witness, or the record of judgment, that he has been convicted of a felony."

The trial court dismissed the petition saying that this issue had been decided in Palmer's prior appeal. The trial court was not correct in finding that this specific issue was decided as it was not an issue on appeal although the issue on appeal was directly related. In the trial of Palmer on burglary charges, Palmer took the stand and his own attorney asked him if he had been convicted of a felony, to which he answered "yes." No further mention was made of the felony nor were questions asked about the nature of the previous felony while the defendant was on the stand. However, in closing argument, the prosecutor referred to the defendant Palmer as an "ex-con." It was this reference that Palmer complained of in his previous appeal. He did not directly attack the felony-impeachment rule. However, in its opinion this court spoke to this very issue now raised by appellant when it stated: "It is clear that a felony record can be used to impeach the credibility of a witness." *State v. Palmer, supra*, 98 Idaho at 846, 574 P.2d at 534. Even though the district court was not correct in its ruling

---

1. In 1978 I.R.C.P. 43(b)(6) was amended to require the court to make a finding that the conviction of a felony is relevant to a witness' credibility before such may be admitted.

   "Impeachment by adverse party.—A witness may be impeached by the party against whom he was called, by contradictory evidence, or by evidence that his general reputation for truth, honesty or integrity is bad, but not by evidence of particular wrongful acts, except that upon a finding by the court in a hearing outside of the presence of the jury that a prior conviction of a felony of a witness is relevant to his credibility, it then may be shown by the examination of the witness, or the record of judgment, that he has been convicted of a felony and the nature of the felony."

on the dismissal, because the appellant's own counsel asked whether he had been convicted of a felony, he is precluded from raising the constitutionality of the felony-impeachment rule here.[2] We therefore affirm the dismissal of the appellant's petition for post-conviction relief.

**2.** The question of whether a defendant who takes the stand in his or her own behalf can be impeached by introducing evidence of his or her prior felonies has been addressed by this court on a number of occasions and in each instance we have affirmed the practice. However, because of the inherent dangers in its use, this court has limited the scope of inquiry greatly. *State v. Knee*, (1980); *State v. Shepherd*, 94 Idaho 227, 230, 486 P.2d 82, 85–6 (1971). In the case at hand the scope defined in *Shepherd* was not exceeded. *See* I.R.C.P. 43(b)(6) effective January 1, 1975.

The use of prior felonies to impeach criminal defendants who take the stand has been upheld in a number of jurisdictions and by the United States Supreme Court. *McGautha v. California*, 402 U.S. 183, 215, 91 S.Ct. 1454, 1471, 28 L.Ed.2d 711, 731 (1971); *Gafford v. State*, 440 P.2d 405 (Alaska 1968), *cert. den.* 393 U.S. 1120, 89 S.Ct. 996, 22 L.Ed.2d 125 (1968); *State v. Van Winkle*, 106 Ariz. 481, 478 P.2d 105 (1970); *People v. McClellan*, 71 Cal.3d 793, 80 Cal.Rptr. 31, 457 P.2d 871 (1969); *People v. Bueno*, 183 Colo. 304, 516 P.2d 434 (1973); *State v. Quinlan*, 126 Mont. 52, 244 P.2d 1058 (1952); *Anglin v. State*, 86 Nev. 70, 464 P.2d 504 (1970); *State v. Williams*, 76 N.M. 578, 417 P.2d 62 (1966); *Brown v. State*, 496 P.2d 395 (Okl.Cr. 1972). *But see* The Uniform Rules of Evidence, Rule 21; Model Code of Evidence, Rule 106 (1942); Cleary ed., McCormick, Evidence § 43 (1972); suggesting a rule that prohibits the use of prior convictions to impeach the credibility of a criminal defendant unless he has first introduced evidence for the purpose of supporting his credibility.