The **PEOPLE of the State of Colorado,**
**Plaintiff-Appellant,**

v.

**Scott D. FERGUSON,**
**Defendant-Appellee.**

No. 81SA455.

Supreme Court of Colorado,
En Banc.

Nov. 1, 1982.

Dale Tooley, Dist. Atty., O. Otto Moore, Asst. Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., Denver, for plaintiff-appellant.

J. Gregory Walta, State Public Defender, James England, Robin Desmond, Deputy State Public Defenders, Denver, for defendant-appellee.

ROVIRA, Justice.

In this, the third time we have had this case before us, the People appeal from a judgment of the Denver District Court dismissing an information on the ground that the speedy trial period had expired. We reverse.

The parties have submitted an agreed statement as the record on appeal, and the facts are as follows. On May 20, 1980, defendant Scott Ferguson was charged by information with first-degree assault,[1] menacing,[2] and crime of violence.[3] First-degree assault is a class 3 felony, and menacing is a

---

1. Section 18–3–202, C.R.S. 1973 (1978 Repl. Vol. 8).

2. Section 18–3–206, C.R.S. 1973 (1978 Repl. Vol. 8).

3. Section 16–11–309, C.R.S. 1973 (1978 Repl. Vol. 8).

class 5 felony. On July 24, 1980, Ferguson entered a plea of not guilty by reason of insanity. On December 23, 1980, Ferguson attempted to waive a jury trial on the issue of sanity, and the district attorney objected.

Because menacing is a class 5 felony, the defendant was entitled to waive jury trial on the sanity issue in connection with that charge without the consent of the district attorney or the court. However, as to the first-degree assault charge, waiver of a jury trial must be with the consent of the court and the district attorney. Section 16–8–105(2), C.R.S. 1973 (1978 Repl. Vol. 8). To protect the defendant's right to waive a jury trial in connection with the menacing charge, Judge Lichtenstein, on December 26, 1980, ordered that count severed from the others and the sanity trial on the menacing count to be to the court. The trial court stated at that time that a second sanity trial to a jury would never take place because of the res judicata effects of the court's ruling on the sanity issue on the menacing charge. The district attorney then moved to dismiss the menacing charge to preserve his right to a jury trial on the first-degree assault sanity issue.

This motion was denied, and the People brought an original proceeding in this court. On December 29, 1980, we issued a rule to show cause and ordered all proceedings stayed "until further order of this court." On April 20, 1981, we made the rule absolute, holding that the trial court's denial of the motion was an abuse of discretion, and we directed the trial court to dismiss the menacing charge. People v. Lichtenstein, 630 P.2d 70 (Colo.1981).

On April 22, 1981, after the announcement of our decision but before our mandate had issued, the case against the defendant appeared on the docket of Judge Jones of the Denver District Court for the setting of a trial date. During this appearance, the defendant moved to dismiss on the ground that he had not been brought to trial within six months from the entry of the plea as required by section 18–1–405, C.R.S. 1973 (1978 Repl. Vol. 8). This motion was granted.

The People then commenced a second original proceeding in this court, and we issued a rule to show cause on April 23, 1981. On August 4, 1981, we announced our decision in People v. Jones, 631 P.2d 1132 (Colo.1981), wherein we ruled that the trial court had been without jurisdiction to enter any orders in the case until our mandate issued. Consequently, we made the rule absolute and ordered reinstatement of the charges.

On August 25, 1981, after the issuance of our mandate in People v. Jones, supra, the trial court again found that the speedy trial period had expired and dismissed the charges. On August 27, the People commenced a third original proceeding in this court, requesting a stay of proceedings. We issued an order staying the dismissal order "until further order of this Court." On September 24, 1981, the People filed a notice of appeal from the dismissal order.

The People urge upon us two grounds for reversal. First, they argue that the speedy trial period was tolled during the period of the original proceedings in this court under section 18–1–405(6)(b), C.R.S. 1973 (1978 Repl. Vol. 8). This section provides that excluded from the computation of time within which a defendant shall be brought to trial is "[t]he period of delay caused by an interlocutory appeal whether commenced by the defendant or by the prosecution." Second, the People contend that the time was tolled under section 18–1–405(6)(f), which excludes from the computation "[t]he period of delay caused at the instance of defendant." Because of our resolution of the first issue, we need not reach the second.

The crux of the issue before us is whether the original proceedings in this case constituted "interlocutory appeals" under section 18–1–405(6)(b). If they did, then the period consumed by them must be excluded from the computation of time; if they did not, then the time period within which the defendant must have been brought to trial has long since expired, and the charges must be dismissed.

The only rule dealing with a proceeding specifically denominated an "interlocutory appeal" is C.A.R. 4.1, which provides for interlocutory appeals by the state to challenge a district court's granting of a defendant's pretrial motion to compel a return of property or to suppress evidence or an extra-judicial confession or admission. There is, however, a more general definition of the term "interlocutory appeal." That definition is "an appeal of a matter which is not determinable of the controversy, but which is necessary for a suitable adjudication of the merits." *Black's Law Dictionary* 731 (5th ed. 1979).

The People argue for a broad interpretation of the phrase, such as that provided by *Black's Law Dictionary,* which would include any proceeding that intervenes between the commencement and the final decision in a case. The defendant, on the other hand, argues that the only proceeding that can qualify as an interlocutory appeal by the People is a proceeding under C.A.R. 4.1.

In *People v. Medina,* 40 Colo.App. 490, 583 P.2d 293 (1978), the Colorado Court of Appeals was presented with a similar situation. There, it was the defendant who had filed the original proceeding, and the question was whether the time taken for the original proceeding should be excluded from the speedy trial period. Because the defendant's original proceeding was filed pursuant to C.A.R. 21, the defendant argued that the time of the delay should not be excluded from the computation of the speedy trial period. The court of appeals disagreed, stating:

"Defendant's original proceeding was interlocutory in nature in that it intervened between the commencement and the final decision of his case, and it was the only procedural mechanism available to the defendant under the rules, since C.A.R. 4.1 precludes interlocutory appeals by the defendant. Thus, it should be treated as an interlocutory appeal for purposes of the speedy trial statute, and the time

attributable to it should be excluded from the speedy trial period."
40 Colo.App. at 492, 583 P.2d at 295.

We believe the holding of *Medina* and the result we reach today to be compelled by the language of section 18–1–405(6)(b), which refers to "delay caused by an interlocutory appeal *whether commenced by the defendant or by the prosecution.*" (emphasis added). If the phrase "interlocutory appeal" includes only proceedings under C.A.R. 4.1, then the reference to interlocutory appeals by the defendant makes no sense. Such an interpretation would violate the rule of statutory construction that a statute should be interpreted, if possible, in such a way that effect is given to every word. *Johnston v. City Council,* 177 Colo. 223, 493 P.2d 651 (1972). *See also* section 2–4–201, C.R.S. 1973 (1980 Repl. Vol. 1B) (statute is to be interpreted so as to give effect to entire statute).

The defendant argues that even if *Medina* were correct in its interpretation of the term "interlocutory appeal" where the original proceeding was brought by the defendant, a similar interpretation is not required where the original proceeding, as here, was brought by the People. The defendant also argues, and correctly, that because the prosecution does have a right to initiate proceedings denominated "interlocutory appeals" under C.A.R. 4.1, exclusion of original proceedings brought by the People from the definition of "interlocutory appeal" would not result in any meaningless words. It would, however, cause us to conclude that the phrase "interlocutory appeal," used once in the statute, has two different meanings: a narrow meaning when applied to proceedings brought by the People, and a broad meaning when applied to proceedings brought by the defense. We decline to twist the statutory language in such a way, because we believe that the intent of the legislature is better served by interpreting the language in the broader sense.

The defendant also contends that if commencement of an original proceeding can toll the running of the speedy trial period, the prosecution has at its disposal a conve-

nient method for slowing down a trial and could do so for any reason, such as being unprepared for trial. We note that the defendant raises an issue that is not before us. In both of the prior proceedings, the legal position of the prosecution was vindicated. In one, we held that the trial court abused its discretion; in the other, we held that the trial court acted without jurisdiction. The prosecution had a legitimate reason for pursuing the course it took. In fact, the trial court in the matter from which this appeal was taken explicitly stated that the People had acted in good faith. We are thus not presented with proceedings that are interposed only for delay.

In conclusion, we hold that an original proceeding initiated in good faith by either the defense or the prosecution constitutes an "interlocutory appeal" for purposes of the speedy trial statute. *See* section 18–1–405(6)(b), C.R.S. 1973 (1978 Repl. Vol. 8).

The judgment is reversed, and the cause is remanded to the district court for reinstatement of the charges.