**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**William Roy RENSTROM, Defendant-Appellant.**

**No. 81CA1173.**

Colorado Court of Appeals, Div. I.

Dec. 16, 1982.

---

1. Although wife did execute a written separation agreement containing the two "additional" provisions respecting airline passes and responsibility for personal debts, she noted that her signature appeared pursuant to a direct order of the trial court and that she protested the fairness of the agreement.

Robert Gallagher, Jr., Dist. Atty., Catherine DiSante, Littleton, for plaintiff-appellee.

Robert J. Braswell, Denver, for defendant-appellant.

ENOCH, Chief Judge.

Defendant appeals the judgment of guilty entered against him in a trial to the court on a charge of second degree theft. We affirm.

Defendant first contends that the trial court erred in denying his motions for acquittal at the close of the prosecution's case and at the close of all of the evidence. We disagree.

■ The issue before the trial court in passing upon a motion for judgment of acquittal is whether the relevant evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient enough to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt. *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973). In reviewing the record, we conclude that there was sufficient evidence to support a judgment of conviction, and therefore, the trial court did not err in denying defendant's Crim.P. 29 motions.

Defendant next contends that it was error for the trial court to allow the prosecution to inquire into defendant's prior felony convictions when the only issue at trial was intent, and where defendant had already admitted those convictions. Again, we disagree.

■ When, as here, a defendant offers himself as a witness in his own behalf, he is subject to the general rules of examination applicable to other witnesses, including examination on matters that bear on his credibility. *Candelaria v. People,* 177 Colo. 136, 493 P.2d 355 (1972). It is permissible for the district attorney to prove prior felony

convictions as bearing upon a witness' credibility. *People v. Medina,* 40 Colo.App. 490, 583 P.2d 293 (1978); § 13–90–101, C.R.S. 1973.

The trial court may make a determination as to whether the initial inquiry into defendant's prior felony convictions is in good faith, *see People v. Thompson,* 182 Colo. 198, 511 P.2d 909 (1973), and may limit cross-examination to exclude detailed questioning concerning the facts surrounding defendant's prior conviction. *People v. Medina, supra.* However, "[w]hen a defendant exercises his statutory privilege of testifying, all prior felony convictions *and their nature* may be shown to impeach his testimony." *People v. Medina, supra* (quoting *Candelaria v. People, supra*) (emphasis supplied); *see Hampton v. People,* 146 Colo. 570, 362 P.2d 864 (1961). Furthermore, the trial court does not have the discretion to foreclose appropriate use of prior felony convictions to impeach a defendant's testimony. *People v. Velarde,* 196 Colo. 254, 586 P.2d 6 (1978); *People v. Hubbard,* 184 Colo. 225, 519 P.2d 951 (1974).

Here, the record discloses that the district attorney examined defendant as to the name, nature, and date of defendant's prior felony convictions. Although in some instances the defendant responded with a more detailed answer than was necessary, the questions posed by the district attorney and permitted by the trial court were proper. *People v. Medina, supra.*

Defendant's other contentions of error were not preserved for review. Defendant did not make a timely objection at trial on these issues, nor did he raise them in his motion for a new trial. Since we do not find that they rise to the level of "plain error," these issues will not be considered on appeal. *People v. Founds,* 631 P.2d 1166 (Colo.App.1981).

Judgment affirmed.

BERMAN and VAN CISE, JJ., concur.