**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Bradley HARDY, Defendant-Appellant.**

**No. 82CA0878.**

Colorado Court of Appeals, Div. II.

Dec. 22, 1983.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, for defendant-appellant.

KELLY, Judge.

The defendant, Bradley G. Hardy, appeals his judgment of conviction of second degree burglary entered upon a jury verdict. He contends that the trial court erroneously permitted the prosecution on cross-examination to inquire into the details of his two prior felony convictions. We affirm.

On direct examination defendant testified that in 1978 he had pleaded guilty to felony theft, and in 1980 had pleaded guilty to carrying a concealed weapon. On cross-examination, defendant objected when the prosecutor began to question him about his convictions. However, the court permitted the inquiry and the prosecutor briefly questioned defendant about what was involved in each felony. Defendant testified that he had a ".38 special" in his car, and had been taking beer out of an open train car. The prosecutor then asked, "You're currently awaiting serving time for that [offense], are you not?" Defendant replied, "Yes, sir." His counsel objected, and the objection was sustained after an off-the-record bench conference. No contemporaneous curative instruction was given. In closing argument, the prosecutor referred to the circumstances of the offenses in commenting on defendant's credibility.

The only issue addressed in defendant's new trial motion was the prosecution's inquiry about whether he was awaiting serving his sentence. Therefore, we will reverse only if there was plain error affecting defendant's substantial rights. *See People v. Constant,* 645 P.2d 843 (Colo.1982).

When a defendant testifies, the trial court may not foreclose the use of the name, nature, and date of his prior felony convictions for impeachment purposes. Section 13–90–101, C.R.S.1973; *People v. Hubbard,* 184 Colo. 225, 519 P.2d 951 (1974); *People v. Renstrom,* 657 P.2d 461 (Colo.App.1982). Further examination into the details of prior convictions is within the trial court's discretion, provided that such details are relevant pursuant to CRE 401. *People v. McGhee,* 677 P.2d 419 (Colo.App. 1983); *People v. Medina,* 40 Colo.App. 490, 583 P.2d 293 (1978).

Contrary to defendant's contention here, the nature of a prior felony conviction and its name are not synonymous. The name of the offense is its statutory title, while its nature can be a brief recital of the circumstances. *See, e.g., People v. Renstrom, supra; People v. Medina, supra.*

Here, the evidence elicited on cross-examination was irrelevant to the present offense. However, because of its brevity it did not reach so far beyond an inquiry into the nature of defendant's prior felony convictions as to constitute reversible error. *See People v. Renstrom, supra.* Nor did the prosecution's brief referral in closing argument to the circumstances of the offenses rise to the level of plain error. *See People v. Constant, supra.*

We agree with defendant that the prosecutor went beyond permissible cross-examination when he asked defendant whether he would in the future be serving a sentence for one of his convictions. However, defendant's contemporaneous objection was sustained, and the jury was later instructed to disregard any evidence to which an objection had been sustained. Because we must presume that the jury complied with that instruction, we find no error. *See People v. Goff,* 187 Colo. 103, 530 P.2d 514 (1974).

Judgment affirmed.

SMITH and VAN CISE, JJ., concur.