**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Connie R. POWELL, Defendant–Appellant.**

**No. 93CA1835.**

Colorado Court of Appeals, Div. III.

June 29, 1995.

Rehearing Denied Aug. 17, 1995.

Certiorari Denied May 28, 1996.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Catherine P. Adkisson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Frances S. Brown, Chief Appellate Deputy Public Defender, Karen N. Taylor, Deputy Public Defender, Denver, for defendant-appellant.

Opinion by Judge NEY.

Defendant, Connie R. Powell, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of one count of sexual assault in the first degree. We affirm.

Following an initial conviction on the offense at issue, defendant appealed, and a panel of this court reversed the judgment of conviction on the basis that the jury had been given unrestricted and unsupervised access to a tape recording of defendant's conversation with police. *People v. Powell,* (Colo.App. No. 90CA1807, August 7, 1992) (not selected for official publication). In August 1992, this court issued its mandate ordering a new trial.

On remand, after supplementing the record with information which had not been available on appeal, the People moved the trial court to deny a new trial because the jury in the first trial did not have equipment available to hear the tape recording. The trial court granted the motion and entered judgment on the original jury verdict.

The defendant subsequently initiated proceedings under C.A.R. 21 in the supreme court to enforce his right to a new trial as mandated by this court. In November 1992, the supreme court issued an order to the trial court to show cause why a new trial should not be granted.

In July 1993, the supreme court made the rule absolute and ordered the trial court to comply with this court's mandate. *Powell v. Hart,* 854 P.2d 1266 (Colo.1993). A new trial was held in September 1993. The defendant was again convicted. This appeal followed.

I

■ The defendant first contends that his right to speedy trial was violated because his trial did not commence within six months of this court's August 1992 mandate. We disagree.

Defendant argues that the C.A.R. 21 proceeding did not toll the six-month speedy trial period required by Crim.P. 48(b)(2) which provides:

If trial results in conviction which is reversed on appeal, any new trial must be commenced within six months after the date of the receipt by the trial court of the mandate from the appellate court.

However, § 18–1–405(6)(b), C.R.S. (1994 Cum.Supp.) provides that the time for a new trial is tolled if the period of delay is caused by an interlocutory appeal, whether commenced by the defendant or by the prosecution.

Although we agree that the issuance of a writ pursuant to C.A.R. 21 is an original proceeding, and technically not an interlocutory appeal, it has been treated as an interlocutory appeal which tolls the speedy trial statute. *People v. Medina,* 40 Colo.App. 490, 583 P.2d 293 (1978); *see also People v. Ferguson,* 653 P.2d 725 (Colo.1982) (original proceeding treated as an interlocutory appeal for purposes of tolling speedy trial statute if brought in good faith). Even though *Medina* and *Ferguson* dealt with speedy trial issues under § 18–1–405(1), C.R.S. (1986 Repl.Vol. 8B), we perceive no reason why the rationale should not be the same under § 18–1–405(2), C.R.S. (1986 Repl.Vol. 8B).

Defendant contends that the exceptions found in § 18–1–405(6), C.R.S. (1994 Cum. Supp.) apply only to situations controlled by § 18–1–405(1), whereas here § 18–1–405(2), applicable to computation of time after a reversal and remand for a new trial, is absolute and provides for no exception or tolling. It appears to us that an absolute rule requiring trial within six months without any exceptions or tolling under any circumstances would lead to absurd results.

We conclude, by the application of § 18–1–405(6)(b), that the six-month speedy trial period was tolled while defendant's C.A.R. 21 proceeding was being considered by the supreme court. Therefore, excluding the period of delay caused by the C.A.R. 21 proceeding, defendant's trial was commenced within the period required by Crim.P. 48(b)(2).

The defendant maintains that the People's motions for supplemental findings and a denial of new trial were made in bad faith. Our review of the record reveals no evidence to support this allegation.

## II

 Defendant next contends that his testimony in the first trial should not have been admissible in the second trial in which he elected not to testify. Again, we disagree.

The defendant concedes that *People v. Arrington*, 682 P.2d 490 (Colo.App.1983) is dispositive of this issue, yet asks us to review the effect that decision has on a defendant's right to testify at a subsequent trial.

Because evidence of defendant's prior felonies was expunged from the transcript of his first trial, we perceive no error in admitting into evidence his prior testimony given under oath. Therefore, we conclude that *People v. Arrington* is dispositive.

## III

 Defendant next contends that the trial court erred in initially refusing to provide to the jury, along with other admitted evidence, the tape recording which caused the reversal of the first conviction. We do not agree.

Portions of the recording, which contained statements made by defendant to the police, were played for the jury when it was admitted into evidence.

The trial court properly refused to give the tape to the jury for unrestricted use in accordance with *People v. Montoya*, 773 P.2d 623 (Colo.App.1989). However, when the jury requested the tape, the court permitted the jury to listen to that portion of the tape which had been admitted with the required cautionary instructions. *See People v. Montoya, supra.*

We find no merit in defendant's assertion that the procedure employed by the trial court regarding the tape recording accorded the tape undue weight before the jury.

## IV

Finally, defendant contends that the trial court failed to advise him adequately of his right to testify. We disagree.

The trial court's advisement complied with the requirements set forth in *People v. Curtis*, 681 P.2d 504 (Colo.1984), and our review of the record reveals that defendant knowingly and intelligently waived his right to testify.

The judgment is affirmed.

HUME and BRIGGS, JJ., concur.