**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Eric J. ROSIDIVITO, Defendant–Appellant.**

**No. 95CA0608.**

Colorado Court of Appeals, Div. B.

Oct. 24, 1996.

Rehearing Denied Dec. 5, 1996.

Certiorari Denied July 21, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Jacque L. Russell, Assistant Attorney General, Kim Montagriff, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Jean E. Dubofsky, P.C., Jean E. Dubofsky, Boulder, for Defendant–Appellant

Opinion by Judge NEY.

Defendant, Eric Jay Rosidivito, appeals the judgment of conviction entered on jury verdicts finding him guilty of attempted theft over $15,000 and conspiracy to commit theft over $15,000. We reverse the trial court's denial of defendant's motion to dismiss, vacate the judgment of conviction, and remand for dismissal of all charges.

Charged with aggravated robbery, conspiracy to commit aggravated robbery, attempted theft over $15,000, and conspiracy to commit theft over $15,000 as the result of .several incidents involving a drug dealer, defendant on October 29, 1993 entered pleas of not guilty to all the charges. The trial date originally scheduled, February 7, 1994, was within the statutory speedy trial period set forth in § 18–1–405, C.R.S. (1986 Repl.Vol. 8B), but that setting was vacated in January 1994 at defense counsel's request for additional trial preparation and the filing of additional motions. The delay until the next trial date, July 19, 1994, was not included in the speedy trial computation because it was caused at the instance of the defendant. *See* § 18–1–405(6)(f), C.R.S. (1986 Repl.Vol. 8B).

On February 4, 1994, the prosecutor in this criminal proceeding filed a petition in a separate civil case requesting the unsealing of the record of a 1986 criminal proceeding involving the defendant. The district court in the

civil proceeding ruled in March 1994 that the 1986 records could be unsealed.

In response to that ruling, defendant filed an original proceeding in the Colorado Supreme Court pursuant to C.A.R. 21 challenging the district court's order. The supreme court granted defendant's request to stay the district court ruling pending the outcome of the C.A.R. 21 proceeding. On January 17, 1995, the supreme court made the rule absolute, vacated the district court's order, and ordered that the 1986 records remain sealed. *See E.J.R. v. District Court,* 892 P.2d 222 (Colo.1995).

During the time that defendant's petition was pending in the supreme court, the prosecution requested five continuances of defendant's trial date. The prosecutor's stated reason for each continuance was that a ruling from the supreme court was necessary prior to trial because he intended to use information in the sealed record as evidence.

The prosecutor argued that these continuances should be excluded from the speedy trial period because Crim. P. 48(b)(6)(VII)(A) excludes those periods in which a continuance not exceeding six months is granted because of the unavailability of evidence material to the state's case and because § 18–1–405(6)(f) excludes delays caused at the instance of the defendant. The court granted each of the continuances and excluded those periods from the computation of defendant's speedy trial period.

On February 17, 1995, defendant moved to dismiss the charges against him based on the denial of his right to speedy trial. The court denied the motion and defendant proceeded to trial on February 27, 1995. That trial resulted in the convictions here at issue.

Defendant contends that the court erred in denying his motion to dismiss based on the denial of his statutory and constitutional rights to speedy trial. He maintains that the prosecution had only a six-month period in which to obtain the material evidence it claimed existed in the sealed records from the 1986 case and that the speedy trial deadline expired on October 14, 1994, six months from the date of the first continuance grant-

ed the People after defendant filed the C.A.R. 21 original proceeding.

Defendant argues that after that six-month period, the speedy trial period began to run again, and the court's failure to bring him to trial in a timely manner thereafter requires that his convictions be vacated. In support of this argument, defendant maintains that none of the delays in the proceedings after his initial request for a continuance in early 1994 were attributable to him. We agree.

■ The provisions of the speedy trial statute are mandatory and leave no discretion for a court to fashion exceptions apart from those set forth in the statute. And, the burden of compliance with the provisions of the statute rests with the prosecutor and the trial court. *People v. Gallegos,* 926 P.2d 156 (Colo.App. 1996).

■ The speedy trial statute implements the defendant's constitutional right to a speedy trial. *People v. Deason,* 670 P.2d 792 (Colo.1983).

Section 18–1–405 requires, with certain exceptions, that a defendant be brought to trial within six months of the entry of his plea of not guilty. Failure to bring a defendant to trial within this six-month period requires that the pending charges be dismissed. Section 18–1–405(1), C.R.S. (1986 Repl.Vol. 8B).

As is applicable here, the following periods are excluded from the computation of the six-month speedy trial period:

(b) The period of delay caused by an interlocutory appeal whether commenced by the defendant or by the prosecution;

. . . .

(g) The period of delay *not exceeding six months* resulting from a continuance granted at the request of the prosecuting attorney, without the consent of the defendant, if:

(I) the continuance is granted because of the unavailability of evidence material to

the state's case, when the prosecuting attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that this evidence will be available at the later date.

Section 18–1–405(6), C.R.S. (1996 Cum.Supp.) (emphasis supplied). *See also* Crim. P. 48.

■ First, we conclude that defendant was not responsible for the delay occasioned by the continuances obtained by the prosecution during the pendency of his C.A.R. 21 original proceeding. Defendant did not agree to the continuances and filed the C.A.R. 21 petition to protect his privacy interest in response to the prosecution's attempt, in a separate civil proceeding, to unseal the record of the 1986 criminal proceeding. In essence, we conclude that defendant cannot be required to pursue his C.A.R. 21 proceeding in a separate action only at the expense of his constitutional right to a speedy trial.

■ Next, with respect to defendant's contention that the People were entitled only to one six-month delay in obtaining the material evidence sought from the sealed records, no Colorado cases specifically address an extension of the six-month time limitation in § 18–1–405(6)(g), C.R.S. (1996 Cum.Supp.). However, it is generally accepted that for purposes of statutory construction, the statute must be read as a whole and the words and phrases must be given effect according to their plain and ordinary meaning. *People v. District Court*, 713 P.2d 918 (Colo.1986). If the intent appears with reasonable certainty, there is no need to resort to other rules of statutory construction. *See People v. Guenther*, 740 P.2d 971 (Colo.1987).

Here, the plain meaning of § 18–1–405(6)(g) is that the prosecution has no more than six months to obtain the evidence it deems materially necessary to proceed in a prosecution against the defendant. There is no language in that subsection which would suggest that the General Assembly intended for the six-month period to be extended under certain circumstances or that the prosecution could obtain more than one six-month

period to secure material evidence. Moreover, § 18–1–405(6)(g) is one of only two subsections dealing with tolling of the statute which contains an actual time limit on the period of the tolling.

Accordingly, we assume the General Assembly considered the six-month limitation in § 18–1–405(6)(g) to be the outer limit for purposes of obtaining additional evidence material to the state's case against the defendant. Hence, we conclude that the trial court was required to bring the defendant to trial within six months of the date of the prosecutor's first request for continuance based on the pendency of defendant's C.A.R. 21 proceeding. Having failed to do so, the trial court was without jurisdiction to try defendant. *See Hampton v. Jefferson District Court*, 199 Colo. 104, 605 P.2d 54 (1980) (trial court lacks jurisdiction to try defendant in violation of his or her rights under the speedy trial statute).

The People rely on *People v. Powell*, 917 P.2d 298 (Colo.App.1995), *People v. Beyette*, 711 P.2d 1263 (Colo.1986), *People v. Ferguson*, 653 P.2d 725 (Colo.1982), and *People v. Medina*, 40 Colo.App. 490, 583 P.2d 293 (1978) for the proposition that the time elapsed during the pendency of a C.A.R. 21 proceeding is excluded from the speedy trial period. However, that reliance is misplaced. In each of the cited cases, the defendant's trial was prevented from going forward during the pendency of the C.A.R. 21 proceeding that arose in the context of the criminal charges. In contrast, the C.A.R. 21 proceedings at issue here arose from a separate, civil action and did not impede the trial from proceeding but, rather, merely impaired the prosecution's ability to secure evidence.

In light of our resolution of the speedy trial issue, we need not address defendant's remaining contentions.

The order denying defendant's motion to dismiss is reversed and the judgment of conviction is vacated. The cause is remanded to the trial court with instructions to dismiss the charges against the defendant.

PIERCE and TURSI, JJ.,* concur.