FILED
United States Court of Appeals
Tenth Circuit

August 1, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WILLIAM FRANK SANDOVAL,

    Petitioner - Appellant,

v.

RICK RAEMISCH, Executive Director,
Colorado Department of Corrections;
MICHAEL MILLER, Warden, Crowley
Correctional Facility; CYNTHIA H.
COFFMAN, Attorney General, State of
Colorado,

    Respondents - Appellees.

No. 17-1161
(D.C. No. 1:16-CV-01406-RPM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

William Frank Sandoval, a Colorado state prisoner, appeals the district court's

denial of his 28 U.S.C. § 2254 application for habeas relief. The district court

granted Mr. Sandoval a certificate of appealability (COA) on the issue of whether he

received ineffective assistance from his trial counsel in violation of the Sixth

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

Amendment. *See* 28 U.S.C. § 2253(c)(2) (providing that a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right"). We exercise jurisdiction under 28 U.S.C. §§ 1291 and 2253 and affirm.

## I. Background

A jury found Mr. Sandoval guilty of enticement of a child, and his conviction was upheld on direct appeal. *People v. Sandoval*, No. 05CA0045, 2007 WL 2948990 (Colo. App. Oct. 11, 2007) (unpublished). His efforts to obtain postconviction relief in state court proved unsuccessful. *See People v. Sandoval*, No. 10CA0988, 2011 WL 5822218 (Colo. App. Nov. 17, 2011) (unpublished); *People v. Sandoval*, No. 12CA1810, 2014 WL 7192523 (Colo. App. Dec. 18, 2014) (unpublished).

Mr. Sandoval then filed his § 2254 application, arguing that his constitutional right to effective assistance was violated because his trial counsel (1) failed to object to the prosecution's statement during a bench conference indicating that it intended to elicit evidence related to Mr. Sandoval's prior conviction for vehicular assault, and (2) elicited testimony from him on direct examination about the original charge and the sentence imposed in that case.

## A. Failure to Object

After the prosecution rested, Mr. Sandoval informed the trial court that he would testify. The court noted that Mr. Sandoval understood his prior felony conviction for vehicular assault could be disclosed to the jury and that the jury would be advised to consider the conviction only as it bore on his credibility. In response to the court's question about the nature of the conviction, the prosecution responded

2

that "it was originally a vehicular homicide that was pled to a vehicular assault" for which Mr. Sandoval received a four-year prison sentence. R. Vol. 4, Tr. 9/14/04 at 151. The prosecution stated that "the only information that would be elicited would be the nature of the charge, what he pled guilty to, and the ultimate sentence" because "those are the only elements that are allowed to be . . . inquired into." *Id.* at 156. The court responded, "All right, whatever the sentence is." *Id.* Mr. Sandoval's trial counsel did not object.

## B. Elicitation of Testimony

Shortly thereafter, the following exchange took place between Mr. Sandoval and his trial counsel on direct examination:

Q. Mr. Sandoval, you have a . . . prior felony conviction; is that true?

A. Yes, I do.

Q. And can you tell the jury about what that felony conviction is for?

A. It was started out as a vehicular homicide and I plea bargained down to vehicular assault.

. . . .

Q. And do you remember what your sentence was on that matter?

A. Yes. The judge sentenced me to four years in Department of Corrections and with three years of parole.

*Id.* at 176-77. Mr. Sandoval's prior conviction was not mentioned further during the trial.

3

## C. Postconviction Proceedings

The state district court initially denied Mr. Sandoval's postconviction claims for relief based on his trial counsel's handling of the prior conviction. However, the Colorado Court of Appeals (CCA) remanded the matter for an evidentiary hearing. The court observed that preemptively introducing evidence related to Mr. Sandoval's prior conviction could have been a reasonable trial strategy but noted the lack of evidence as to how Mr. Sandoval's trial counsel prepared him to testify about his prior conviction. The CCA also determined that the admission of evidence related to his prior conviction could have been prejudicial to Mr. Sandoval because his credibility was central to the case, and "[a]lthough the court told the jury that it could consider [his] prior conviction only in assessing his credibility, it did not instruct the jury concerning the original charge and sentence." R. Vol. 1 at 99.

After a hearing, the state district court again denied relief. The district court concluded that Mr. Sandoval's trial counsel should have objected when the trial court stated that it would allow the prosecution to inquire about the sentence Mr. Sandoval received for his prior conviction. Neither the original charge nor the sentence imposed was admissible for impeachment purposes under Colorado law. *Cf. People v. Hardy*, 677 P.2d 429, 431 (Colo. App. 1983) ("When a defendant testifies, the trial court may not foreclose the use of the name, nature, and date of his prior felony convictions for impeachment purposes. Further examination into the details of prior convictions is within the trial court's discretion, provided that such details are relevant . . . ." (citations omitted)). Nevertheless, the court concluded that

4

Mr. Sandoval suffered no prejudice as required under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), because the evidence did not suggest that the trial court would have reversed its ruling had his trial counsel objected.

On appeal, the CCA concluded that Mr. Sandoval did not show ineffective assistance by his trial counsel, but it relied on different reasoning than the district court. According to the CCA, Mr. Sandoval's contention that the prosecution stated an intention to inquire into the original charge—vehicular homicide—was not supported by the record. Moreover, Mr. Sandoval's "disclosure of the original charge in his prior felony case was not responsive to the question posed by his lawyer and was not, as [he] contends, elicited by counsel." R. Vol. 1 at 121. In addition, the court determined that any harm flowing from the admission of the original charge was speculative. Thus, there was no basis to conclude that Mr. Sandoval's trial counsel provided deficient performance with respect to the original charge underlying Mr. Sandoval's prior conviction.

With respect to the admission of the resulting sentence, the CCA found that "[a]ny reasonable juror, after learning of [Mr. Sandoval's] prior conviction, would have assumed that he would have been sentenced for that crime," *id.* at 124, and that the four-year sentence was neither so long nor so short that it would have affected the jury's deliberations. The court also noted that the sentence was not mentioned again during the trial, concluding that "any additional impact the sentence information had on the jury's determinations, beyond that caused by the proper admission of

5

defendant's prior conviction, [did] not rise to the level of *Strickland* prejudice." *Id.* at 125.

Mr. Sandoval then filed his § 2254 application in federal district court. The court denied the application on the merits but granted COA.

## II. Analysis

"[W]e review the district court's legal analysis of the [CCA's] decision *de novo* and its factual findings, if any, for clear error." *Frost v. Pryor*, 749 F.3d 1212, 1223 (10th Cir. 2014) (internal quotation marks omitted). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), we "give significant deference to state court decisions on the merits." *Id.* at 1222 (internal quotation marks omitted). We may not grant Mr. Sandoval's § 2254 application unless he can show that the CCA's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d). AEDPA "erects a formidable barrier to federal habeas relief," *Frost*, 749 F.3d at 1222 (internal quotation marks omitted), and for purposes of federal habeas review, "an application of Supreme Court law may be incorrect without being unreasonable," *Lockett v. Trammel*, 711 F.3d 1218, 1231 (10th Cir. 2013). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation marks omitted).

6

To establish a violation of his Sixth Amendment right to effective assistance of counsel, Mr. Sandoval had to show both that his trial counsel's performance was constitutionally deficient and that the deficient performance prejudiced his defense. *See Strickland*, 466 U.S. at 687. To establish the first *Strickland* prong, Mr. Sandoval had to show that his trial counsel's performance fell below an objective standard of reasonableness. *Frost*, 749 F.3d at 1224. To establish the second prong, he needed to show that but for his counsel's unprofessional errors, the result his trial would have been different, and "the likelihood of a different result must be *substantial*." *Id.* (internal quotation marks omitted).

## A. Failure to Object

Mr. Sandoval argues that the CCA's determination that the prosecution did not state any intention of eliciting information about the original charge of vehicular homicide constitutes an unreasonable determination of the facts in light of the evidence in the record. But the CCA's determination was not unreasonable. As the bench conference about Mr. Sandoval's prior conviction was wrapping up, the court stated: "That's all we're going to do, is say he had a prior felony conviction for vehicular assault." R. Vol. 4, Tr. 9/14/04 at 155. Mr. Sandoval points to the prosecution's next statement: "Your Honor, my understanding is the only information that would be elicited would be the nature of the charge, what he pled guilty to, and the ultimate sentence." *Id.* at 155-56. Although the phrase "nature of the charge" may be open to interpretation, the prosecution referred to neither Mr. Sandoval's "original" charge nor "vehicular homicide" when describing the

7

information it intended to elicit. The trial court's preceding statement weighs against the interpretation Mr. Sandoval proposes, and we presume the CCA's factual determinations are correct. Mr. Sandoval has not rebutted this presumption by clear and convincing evidence. *See* § 2254(e)(1).

Mr. Sandoval also argues that the CCA contravened and unreasonably applied *Strickland* when it determined that he was not prejudiced by his trial counsel's failure to object to the prosecution's statement that it would elicit the sentence he received for his prior conviction. As discussed in the following section, however, this argument also lacks merit because Mr. Sandoval has not shown the result of his trial would have been different had the sentence been excluded from the jury.

## B. Elicitation of Testimony

Mr. Sandoval argues that the CCA's conclusion that he was not prejudiced by the admission of his prior sentence was contrary to or an unreasonable application of *Strickland* or was based on an unreasonable determination of the facts. Because he chose to testify, however, his prior felony conviction for vehicular assault was admissible to impeach his credibility. *See* Colo. Rev. Stat. § 13-90-101. It was not unreasonable for the CCA to conclude that any additional impact from the jury learning that his prior conviction resulted in a four-year prison sentence did not rise to the level of *Strickland* prejudice. As noted by the CCA, a reasonable jury would likely have expected that Mr. Sandoval received a prison sentence for his prior conviction, and the four-year term was not particularly harsh or lenient on its face. Further, the sentence was not mentioned again during Mr. Sandoval's trial. *See*

8

*Hardy*, 677 P.2d at 431 (concluding that brief mention of evidence related to prior felony convictions did not constitute reversible error). The CCA did not contravene or unreasonably apply *Strickland* by concluding that Mr. Sandoval failed to show a substantial likelihood of a different result had his prior sentence not been mentioned at his trial.

## III. Conclusion

We affirm the district court's denial of habeas relief as to Mr. Sandoval's ineffective assistance claims.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

9