**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Alwyn Lee LEWIS, Defendant–Appellee.**

**No. 88CA1380.**

Colorado Court of Appeals, Div. IV.

Oct. 12, 1989.

Rehearing Denied Nov. 9, 1989.

Certiorari Denied April 9, 1990.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

James F. Smith, Dist. Atty., and Michael J. Milne, Sr. Deputy Dist. Atty., Brighton, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, and Jonathan S. Willett, Deputy State Public Defender, Denver, for defendant-appellee.

Opinion by Judge TURSI.

Pursuant to § 16–12–102(1), C.R.S. (1986 Repl.Vol. 8A), and C.A.R. 4(b)(2), C.R.S. (1988 Cum.Supp.), the People appeal the order of the trial court entered after preliminary hearing in which it dismissed a count of felony murder that was predicated upon an underlying crime of burglary. We disapprove of the order dismissing the count of felony murder.

Defendant had been charged with first degree murder after deliberation, first degree murder during the commission or attempted commission of burglary, criminal attempt to commit first degree murder, second degree assault, first degree burglary with intent to commit the crimes of murder and assault, and mandatory sentence for violent crime. Defendant was ultimately convicted as charged, except for the felony murder charge, the dismissal of which is here at issue.

At the preliminary hearing, the People presented evidence that defendant and some companions, angered over a marijuana deal, went to the apartment of a third party with intent to find and kill one of the participants in their marijuana transaction. When the door was opened, the defendant shot and killed the person who opened the door, and he then stepped into the apartment, shooting and wounding a second person. Neither of the victims was the party being sought.

At the conclusion of the hearing, the trial court bound the defendant over on all grounds except the felony murder charge, and it amended the first degree burglary charge to delete the reference to murder and to the murder victim. The trial court ruled that the burglary was committed after the victim's death and that, therefore, it could not be the basis for a charge of felony murder. Further, the court concluded that the underlying crime of assault alleged in the burglary charge could not support a felony murder charge. The People urge that we disapprove of these rulings. We do.

I

Whether a defendant may be charged with felony murder based upon a burglary committed with intent to assault or to murder is a matter of first impression in Colorado. The People and the defendant agree that a majority of jurisdictions hold that a burglary charge premised on an underlying crime of assault may sustain a finding of felony murder. *See People v. Miller*, 32 N.Y.2d 157, 344 N.Y.S.2d 342, 297 N.E.2d 85 (1973); *Blango v. United States*, 373 A.2d 885 (D.C.App.1977); *State v. Reams*, 292 Or. 1, 636 P.2d 913 (1981). Defendant, however, would have us follow the jurisdictions which have held that when assault is not a discrete crime named in the felony murder statute, *see* § 18–3–102(1)(b), C.R.S. (1986 Repl.Vol. 8B), it cannot be the crime necessary to sustain a count of felony murder by burglary. *See People v. Wilson*, 1 Cal.3d 431, 82 Cal.Rptr. 494, 462 P.2d 22 (1969). We decline to do so.

Section 18–3–102(1)(b) provides that a person commits the crime of murder in the first degree if, "[a]cting either alone or with one or more persons he commits or attempts to commit arson, robbery, burglary, kidnapping, sexual assault ... and, in the course of or in the furtherance of the crime that he is committing or attempting to commit ... the death of a person, other than one of the participants, is caused by anyone...."

First degree burglary is defined in § 18–4–202(1), C.R.S. (1986 Repl.Vol. 8B) as: "A person commits first degree burglary if he knowingly enters ... [an] occupied structure within intent to commit therein a crime ... against a person ... and if in effecting entry or while in the ... occupied structure ... he or another participant in the crime assaults or menaces any person...."

Giving the statutes involved an interpretation consistent with their plain language,

we agree with the People that, inasmuch as both murder and assault are crimes which may underlie a felony burglary, there is no logic or reason to preclude a felony murder charge from being based upon a burglary charge that, in turn, is premised upon either an intent to assault or an intent to murder. *See State v. Reams, supra* (construing comparable statutes in a similar factual situation and concluding that the purpose of a felony murder statute is served by including burglary as a predicate crime protecting individuals in dwellings from felonious assault). *See also Qureshi v. District Court,* 727 P.2d 45 (Colo.1986); *People v. Bowman,* 669 P.2d 1369 (Colo. 1983); *People v. Bartowsheski,* 661 P.2d 235 (Colo.1983); and *People v. Lowe,* 660 P.2d 1261 (Colo.1983).

Contrary to the argument of the defendant, we find no ambiguity in the felony murder statute. The fact that the definition of felony murder includes burglary, but does not include all the crimes which may underlie that offense does not imply a legislative intent to restrict burglary as a predicate charge solely to those cases in which the underlying intended crime is also listed in the felony murder statute.

## II

Defendant argues, however, that the trial court's finding in the preliminary hearing that the killing was completely independent of the burglary is a factual finding which is binding and, therefore, not reviewable as a matter of law. *See* § 16–12–102(1). We disagree.

It is undisputed that the evidence presented at the preliminary hearing, viewed in the light most favorable to the People, established the probable cause necessary to bind defendant over for trial on the charge of burglary. *See People in Interest of M.V.,* 742 P.2d 326 (Colo.1987). However, defendant argues that we are bound by the trial court's finding that the killing did not occur in the course of or the furtherance of the burglary. We are not persuaded.

Drawing all permissible inference from the evidence in the light most favorable to the People, as we must, we con-clude that the trial court erred as a matter of law in ruling that a reasonable finder of fact could not find that the killing occurred "in the course of or in the furtherance" of the burglary.

Further, we hold that the trial court erred in not applying the standard required of a trial court in preliminary hearings as set forth in *People in Interest of M.V., supra;* and *Hunter v. District Court,* 190 Colo. 48, 543 P.2d 1265 (1975).

The order of the trial court dismissing the count of felony murder is disapproved.

FISCHBACH and DUBOFSKY, JJ., concur.