The **PEOPLE** of the State of Colorado, Plaintiff–Appellant,

v.

Eugene **ROMERO**, Defendant–Appellee.

No. 89SA505.

Supreme Court of Colorado, En Banc.

Dec. 10, 1990.

---

Norman S. Early, Jr., Dist. Atty., Second Judicial Dist., Nathan B. Coats, Chief Appellate Deputy Dist. Atty., Robert J. Whitley, Martin Egelhoff, Deputy Dist. Attys., Denver, for plaintiff-appellant.

Michael J. Gallagher, Davis, Graham & Stubbs, Denver, for defendant-appellee.

Justice MULLARKEY delivered the Opinion of the Court.

Defendant Eugene Romero was tried and convicted by a jury of felony theft and second-degree burglary. Romero also was found to be an habitual criminal and received a life sentence. The court of appeals affirmed Romero's conviction, *People v. Romero,* 767 P.2d 782 (Colo.Ct.App. 1988), and we denied certiorari. Romero then filed a motion for postconviction review pursuant to Crim.P. 35(c) to vacate his judgment of conviction. In response, the district attorney moved to dismiss Romero's rule 35(c) motion, contending that the attacks raised by the motion were barred by section 16-5-402(3), 8A C.R.S. (1986), which states:

> If the judgment of conviction to which any collateral attack is directed was sustained upon review by a court of appellate jurisdiction in the state where the judgment was entered, no collateral attack on such judgment shall be permitted whether commenced within or outside the time limitations set forth in subsection (1) of this section, unless said collateral attack is based upon an opinion of the court of last resort subsequently announced in the state where the judgment was entered, which opinion is given retroactive effect in a manner invalidating the conviction.

The trial court ruled that section 16-5-402(3) was unconstitutional and ordered a hearing on Romero's rule 35(c) motion. Prior to that hearing, the People instituted this appeal challenging the trial court's ruling that section 16-5-402(3) was unconstitutional. We dismiss the appeal for lack of appellate jurisdiction.

Section 16-12-102, 8A C.R.S. (1986 and 1990 Supp.), governs appeals by the prosecution in criminal cases. Section 16-12-102(1) states, "If any act of the general assembly is adjudged inoperative or unconstitutional in any criminal case, it is the duty of the district attorney of the judicial

district in which the court making such decision is situated to appeal on behalf of the people of the state of Colorado...." § 16-12-102(1), 8A C.R.S. (1986). Under section 16-12-102(1), the "procedure to be followed in filing and prosecuting appeals under this section shall be as provided by applicable rule of the supreme court of Colorado." C.A.R. 1 permits appeals only from "final judgments" of a district court.[1]

The People do not contend, however, that the district court's order finding section 16-5-402(3) to be unconstitutional is a "final judgment" under C.A.R. 1. The People argue that we have jurisdiction to hear this appeal based on the following language from our decision in *People v. Jefferson,* 748 P.2d 1223, 1225 (Colo.1988):

> While the prosecution is given permission to appeal "any decision of the trial court in a criminal case upon any question of law," the district attorney has a duty to appeal where a state statute has been adjudged unconstitutional in a criminal case. § 16-12-102(1). The obligation imposed on the People to appeal a declaration of unconstitutionality underscores the legislature's intent that its acts not be declared unconstitutional in the absence of meaningful and immediate appellate review. Declarations of unconstitutionality under section 16-12-102(1), as with suppression orders under section 16-12-102(2), are specially appealable by statute, even though neither category could technically be considered a final judgment.

Based on this language, the People contend that section 16-12-102(1) permits interlocutory appeals in all cases where a trial court declares a statute unconstitutional.

Although when considered in isolation this language arguably supports the People's position, we disagree that *Jefferson* grants to the People the right to an interlocutory appeal in this case. In *Jefferson,* the trial court dismissed two charges of a multi-count information on the grounds that the statute under which the defendant

---

1. Section 16-12-102(2), on the other hand, provides for interlocutory appeals by the prosecution of trial court rulings granting a defendant's motion made in advance of trial or a motion *in* *limine* "for the return of property and to suppress evidence or granting a motion to suppress an extrajudicial confession or admission." § 16-12-102(2), 8A C.R.S. (1990 Supp.).

was charged was unconstitutional. *Jefferson*, 748 P.2d at 1224. We held that we had appellate jurisdiction to consider the People's appeal of the declaration of unconstitutionality of the underlying statute. *Id.* at 1225. In support of our decision that we had appellate jurisdiction in *Jefferson*, we analogized the dismissal of the charges to a final judgment. *Id.* We distinguished the trial court's finding of unconstitutionality and dismissal of the charges in *Jefferson* from an interlocutory situation that "represent[ed] one or more steps toward the resolution of a given charge against a particular defendant." *Id.*

In arguing that *Jefferson* confers appellate jurisdiction upon us to hear this case, the People fail to recognize that the situation in this case is, in effect, the reverse of the situation in *Jefferson*. As a result of the trial court's ruling in *Jefferson* that the statute was unconstitutional, the charge that was based on the statute was dismissed. *Id.* at 1224. In this case there is no dismissal. As a result of the trial court's ruling that section 16–5–402(3) is unconstitutional, the case proceeds to a hearing on Romero's rule 35(c) motion. The ruling in this case that section 16–5–402(3) is unconstitutional, therefore, is not analogous to a final judgment. The district court's finding of unconstitutionality instead represents one step toward the resolution of Romero's Crim.P. 35(c) motion.

Moreover, in contrast to *Jefferson*, the People do not require immediate appellate review in this case. In cases such as *Jefferson* where parts of a multi-count information are dismissed, the People lose the opportunity to prosecute on the charges dismissed by the trial court unless immediate appellate review is available. The cases cited in support of the *Jefferson* holding also required immediate appellate review. Those cases involved situations where either we reviewed dismissals of parts of a multi-count information, *People v. Pedrie*, 727 P.2d 859 (Colo.1986); *People*

v. *Williams*, 628 P.2d 1011 (Colo.1981), or we reviewed a trial court's finding that the statute upon which charges were based was unconstitutional. *People v. Seven Thirty–Five East Colfax, Inc.*, 697 P.2d 348 (Colo.1985); *People v. Moyer*, 670 P.2d 785 (Colo.1983).[2] *See also People v. Traubert*, 199 Colo. 322, 330, 608 P.2d 342, 348 (1980) ("Since the prosecution is precluded from placing a defendant in double jeopardy after a verdict has been rendered, its only meaningful avenue of appeal must be found in a pre-judgment proceeding.").

In this case, on the other hand, immediate appellate review is not necessary. If the trial court grants Romero's rule 35(c) motion, the People may appeal and challenge the merits of the court's decision as well as the court's prehearing ruling on the statute's constitutionality. Crim.P. 35(c)(3) (providing that "[t]he order of the trial court granting or denying the [35(c)] motion is a final order reviewable on appeal"). In addition, regardless of the trial court's decision on Romero's rule 35(c) motion, the People may seek review of the trial court's ruling on the unconstitutionality of section 16–5–402(3) at the conclusion of the case. The People do not lose their right to appeal the finding of unconstitutionality merely because the People do not seek or obtain appellate review immediately upon the trial court's ruling. Thus, we see no need for immediate appellate review.

Finally, denying appellate review in this case is consistent with the law and policy concerning interlocutory appeals by the prosecution in criminal cases. Because the prosecution in criminal cases generally is denied later appellate review, the prosecution is afforded more opportunity than is the defendant to appeal adverse interlocutory rulings. *People v. Traubert*, 199 Colo. at 330, 608 P.2d at 347–48; § 16–12–102(2), 8A C.R.S. (1986 and 1990 Supp.); *see also* 2 LaFave and Israel, *Criminal Procedure* §§ 26.2, 26.3 (1984) and cases cited there.

---

**2.** In *People v. Seven Thirty–Five East Colfax, Inc.*, 697 P.2d 348 (Colo.1985), and *People v. Moyer*, 670 P.2d 785 (Colo.1983), the charges had not been dismissed against the defendants when the cases were appealed to this court.

The trial court had ruled that the statute upon which the charges were based was unconstitutional, however, and the dismissals were merely stayed pending appeal to this court.

This relatively greater ability of the prosecution to bring interlocutory appeals, however, is severely limited out of concern that the prosecution may "wear down" the defendant by taking an interlocutory appeal and because of the defendant's interest in the swift resolution of the case. *See* § 16–12–102(2); 2 LaFave and Israel, *Criminal Procedure* §§ 26.2, 26.3. In this case, not only is there no necessity for immediate appellate review, but the concern that the prosecution may "wear down" the defendant remains and the defendant clearly is interested in the swift resolution of his case.[3]

Accordingly, we decline to extend the holding of *Jefferson* and we dismiss this case for lack of appellate jurisdiction. The parties may proceed to a hearing on Romero's Crim.P. 35(c) motion.

---

**3.** In fact, interlocutory appeals by the prosecution in the postconviction setting often will prejudice the defendant more than interlocutory appeals by the prosecution in a pre-trial setting. Typically a defendant pursuing a rule 35(c) motion is attacking the conviction for which the defendant is serving his prison sentence. The defendant remains in prison through the resolution of his rule 35(c) motion. The quicker he receives review of his rule 35(c) motion, the quicker he may be able to reverse his conviction and be released from prison. A defendant subjected to the prosecution's interlocutory appeals in a pre-trial setting, on the other hand, may have been released on bail and will not have to endure a longer time in prison as a result of the delay caused by the prosecution's interlocutory appeals. *Cf.* 2 LaFave and Israel, *Criminal Procedure* § 26.3 (pointing out that the defendant in a pre-trial setting will not necessarily be free on bail while the appeal is pending and that as a result, several jurisdictions require that the defendant be released pending disposition of the appeal unless there are "compelling reasons for continuous detention.") (citations omitted).