RICHLAND DEVELOPMENT COMPANY, L.L.C., a Colorado limited liability corporation, as successor in interest to Spring Creek Meadows Development Company, Inc., a Colorado corporation, Plaintiff–Appellee,

v.

EAST CHERRY CREEK VALLEY WATER AND SANITATION DISTRICT, a quasi-municipal corporation of the State of Colorado, Defendant–Appellant.

No. 95CA0525.

Colorado Court of Appeals, Div. C.

June 15, 1995.

Downey & Knickrehm, P.C., Kate E. Knickrehm, Melinda M. Kelly, Denver, for plaintiff-appellee.

Tallmadge, Wallace, Hahn, Smith & Walsh, P.C., David J. Hahn, Cynthia A. Calkins, Steven J. Hahn, Denver, for defendant-appellant.

Opinion by Judge ROY.

Plaintiff, Richland Development Company, L.L.C., as successor in interest to Spring Creek Meadows Development Company, Inc. (Richland), moves to dismiss this appeal on the ground that the order denying the motion to dismiss filed by defendant, East Cherry Creek Valley Water and Sanitation District (District), was not a final order and there is no C.R.C.P. 54(b) certification. We deny the motion.

Plaintiff's motion presents an issue that has arisen a number of times in various proceedings following the 1992 amendments to the Governmental Immunity Act, § 24–10–101, et seq., C.R.S. (1988 Repl.Vol. 10A). Its context here is as follows.

Richland initiated this action alleging three claims for relief. All of the claims related to the number of water taps available for use on property owned by it, namely: (1) negligent misrepresentation; (2) estoppel; and (3) mandamus. The District filed a motion to dismiss in the trial court, asserting that the first two claims were actions in tort, or actions which could be in tort, and were, thus, barred by governmental immunity that was not waived by the Governmental Immunity Act. The third claim, the District argued, should be dismissed because it had no duty enforceable through mandamus.

The trial court denied the motion to dismiss. The District brought this appeal challenging the trial court's conclusion that Richland's claims were not barred by governmental immunity. It asserts that jurisdiction in this court is available under § 24–10–108, C.R.S. (1994 Cum.Supp.).

Richland contends in its motion to dismiss that, because there is an additional claim with respect to which no defense of governmental immunity has been asserted, the District must obtain a C.R.C.P. 54(b) certification from the trial court before it can pursue this appeal. We disagree.

Generally, this court has jurisdiction to review only final judgments. *See* C.A.R. 1(a)(1); § 13–4–102(1), C.R.S. (1987 Repl.Vol. 6A). Furthermore, an order denying a motion to dismiss a complaint is not a final judgment because it leaves issues to be resolved by the trial court. *See Harding Glass Co. v. Jones,* 640 P.2d 1123 (Colo.1982). However, as amended in 1992, § 24–10–108 now expressly provides:

> Except as provided in sections 24–10–104 to 24–10–106, sovereign immunity shall be a bar to any action against a public entity for injury which lies in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by a claimant. If a public entity raises the issue of sovereign immunity prior to or after the commencement of discovery, the court shall suspend discovery, except any discovery necessary to decide the issue of sovereign immunity, and shall decide such issue on motion. *The court's decision on such motion shall be a final judgment and shall be subject to interlocutory appeal.*

(emphasis added)

Our task is to ascertain and give effect to the legislative purpose underlying the statutory enactment. *Brace v. City of Lakewood,* 899 P.2d 301 (Colo.App.1995). Statutory terms should be given effect according to their plain and ordinary meaning. *Bertrand v. Board of County Commissioners,* 872 P.2d 223 (Colo.1994).

The purpose of § 24–10–108 is to provide immediate appellate review of the govern-

mental immunity issue before a trial on the merits. The General Assembly enunciated that purpose not once, but twice, by stating that an order granting or denying a motion to dismiss on the grounds of governmental immunity was both a final judgment and is subject to interlocutory appeal.

 C.R.C.P. 54(b) certification establishes that an order disposing of less than all of the claims pending in an action is a final judgment from which an appeal lies. Here, the General Assembly has provided that orders granting or denying a motion to dismiss on the grounds of governmental immunity are appealable immediately, without more.

Accordingly, we reject the contention that a C.R.C.P. 54(b) certification is necessary before an appeal can be commenced with respect to an order granting or denying a motion to dismiss made on the ground that a claim is barred by governmental immunity.

Motion denied.

METZGER and PIERCE *, JJ., concur.