**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Eric Anthony GALLEGOS, Defendant–Appellant.**

**No. 93CA2135.**

Colorado Court of Appeals, Div. III.

April 4, 1996.

Rehearing Denied May 23, 1996.

Certiorari Granted Nov. 12, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, A. William Bonner, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Beth L. Krulewitch, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge ROY.

Defendant, Eric Anthony Gallegos, appeals the judgment of conviction entered on jury verdicts finding him guilty of second degree murder and accessory after-the-fact to manslaughter. Among the grounds for reversal asserted by defendant is that he was denied his statutory right to a speedy trial. We agree and, therefore, reverse the judgment of conviction and remand to the trial court with directions to dismiss the charges with prejudice and to discharge defendant from the sentence imposed.

The charges against defendant arose from the stabbing death of Jason Gutierrez on August 6, 1992. On September 18, 1992, the prosecution filed an information charging defendant and a juvenile with first degree murder after deliberation, felony first degree murder with second degree burglary as the predicate crime, and conspiracy to commit first degree murder after deliberation.

A preliminary hearing was held on November 4 and 5, 1992, following which, on November 10, 1992, the trial court dismissed the felony murder count against defendant and the conspiracy counts against the juvenile. Defendant entered a plea of not guilty on November 18, 1992; therefore, absent any exclusion of time from the statutory speedy trial period under § 18–1–405, C.R.S. (1986 Repl.Vol. 8B), trial would have had to commence on or before May 18, 1993. The prosecution did not request that the arraignment be continued to a later date.

On December 22, 1992, the prosecution filed its notice of appeal in this court challenging the dismissal of the felony murder and conspiracy counts on the grounds that the trial court had applied the incorrect legal standard in finding a lack of probable cause. The prosecution also filed a motion in the trial court to stay the proceedings pending the outcome of the appeal which the trial court granted on January 12, 1993.

Later, pursuant to a plea agreement, the juvenile pled guilty in the juvenile court to conspiracy to commit first degree murder and agreed to testify against defendant. The prosecution then filed a motion in this court

to dismiss the appeal on April 6, 1993, one day prior to the due date of the opening brief, stating that it had entered into a plea agreement with the juvenile and that the appeal was moot. This court granted the motion to dismiss on April 8, 1993, and the mandate issued on May 10, 1993. Defendant then filed a motion in this court for sanctions against the prosecution for the filing of a frivolous appeal which was denied with leave to pursue it in an appropriate subsequent proceeding. The trial court later denied a similar motion.

On May 14, 1993, defendant filed a demand for speedy trial pointing out that he had entered his plea on November 18, 1992, and the time within which his trial had to commence would expire on May 18, 1993. No action was taken with respect to the demand and no trial was then scheduled.

On May 19, 1993, defendant filed a motion to dismiss on the grounds that he had been denied his statutory right to speedy trial which motion was denied. Then, over the objection of defendant, trial was set for August 23, 1993.

On June 21, 1993, defendant commenced an original proceeding in the supreme court pursuant to C.A.R. 21 asserting the denial of his statutory right to a speedy trial and requesting dismissal of the action. On June 24, 1993, the supreme court denied review.

Trial commenced on August 23, 1993. Defendant was convicted of second degree murder and accessory after-the-fact to manslaughter and was sentenced, and this appeal followed.

### I. Statutory Right to Speedy Trial

Defendant contends that the trial court should have granted his motion to dismiss for denial of his statutory right to a speedy trial. We agree.

Section 18–1–405 requires, with limited exceptions, that an accused person be brought to trial within six months of the entry of a not guilty plea. The statute provides, in pertinent part, as follows:

(1) Except as otherwise provided in this section, if a defendant is not brought to trial on the issues raised by the complaint, information, or indictment within six months from the date of the entry of a plea of not guilty, he shall be discharged from custody if he has not been admitted to bail, and, whether in custody or on bail, the pending charges shall be dismissed, and the defendant shall not again be indicted, informed against, or committed for the same offense, or for another offense based upon the same act or series of acts arising out of the same criminal episode.

. . . .

(5) To be entitled to a dismissal under subsection (1) of this section, the defendant must move for dismissal prior to the commencement of his trial and prior to any pretrial motions which are set for hearing immediately before the trial or prior to the entry of a plea of guilty to the charge or an included offense. Failure to so move is a waiver of the defendant's rights under this section.

(5.1) If a trial date is offered by the court to a defendant who is represented by counsel and neither the defendant nor his counsel expressly objects to the offered date as being beyond the time within which such trial shall be had pursuant to this section, then the period within which the trial shall be had is extended until such trial date and may be extended further pursuant to any other applicable provisions of this section.

(6) In computing the time within which a defendant shall be brought to trial as provided in subsection (1) of this section, the following periods of time shall be excluded:

. . . .

(b) The period of delay caused by an interlocutory appeal whether commenced by the defendant or by the prosecution.

Section 18–1–405(6), C.R.S. (1986 Repl.Vol. 8B) specifies a total of seven separate grounds for excluding delays from the computation of a defendant's statutory speedy trial right.

An accused person's right to a speedy trial is ultimately grounded on the Sixth Amendment of the United States Con-

stitution and Article II, Section 16 of the Colorado Constitution. *Simakis v. District Court,* 194 Colo. 436, 577 P.2d 3 (1978). The speedy trial statute is intended to implement the constitutional right to a speedy trial by requiring dismissal of the charges when the defendant is not tried within the six-month period and when any delay does not qualify for exclusion from the computation of the statutory speedy trial time. *People v. Deason,* 670 P.2d 792 (Colo.1983).

■ The provisions of the speedy trial statute are mandatory and leave no discretion for a court to fashion exceptions apart from those set forth in the statute. *Harrington v. District Court,* 192 Colo. 351, 559 P.2d 225 (1977); *Carr v. District Court,* 190 Colo. 125, 543 P.2d 1253 (1975). The burden of compliance with the time limitations contained in the speedy trial statute rests with the prosecution and the trial court. *People v. Chavez,* 779 P.2d 375 (Colo.1989); *Marquez v. District Court,* 200 Colo. 55, 613 P.2d 1302 (1980); *People v. Lopez,* 41 Colo.App. 206, 587 P.2d 792 (1978).

■ The speedy trial statute requires the defendant to take affirmative action to protect his statutory speedy trial right. Sections 18–1–405(5) and 18–1–405(5.1), C.R.S. (1986 Repl.Vol. 8B). In this instance, the prosecution does not assert that defendant failed in any respect to protect his statutory right to a speedy trial, that any time should be excluded from the time computation because of any acts of defendant or his counsel, nor that there was any implicit or explicit waiver by defendant.

The sole basis upon which the prosecution relies for delaying the time within which defendant must have been brought to trial, and excluding any period of delay from the computation of time within which defendant must have been brought to trial, is its "interlocutory appeal."

## II.   Interlocutory Appeal

■ As previously indicated, delay occasioned by an interlocutory appeal brought in good faith is excluded from the computation of the speedy trial time. Section 18–1–405(6)(b), C.R.S. (1986 Repl.Vol. 8B). The

issue then becomes whether the proceeding filed by the prosecution in this court was an interlocutory appeal within the meaning of § 18–1–405(6)(b). We conclude that it was not.

■ The prosecution is authorized to bring interlocutory appeals pursuant to § 16–12–102(2), C.R.S. (1995 Cum.Supp.) and C.A.R. 4.1. Section 16–12–102(2) provides:

> The prosecution may file an interlocutory appeal in the supreme court from a ruling of the trial court granting a motion made in advance of trial by the defendant for the return of property and to suppress evidence or granting a motion to suppress an extrajudicial confession or admission if the prosecution certifies to the judge who granted such motion and to the supreme court that the appeal is not taken for the purposes of delay and the evidence is a substantial part of the proof of the charge pending against the defendant. The prosecution may also file an interlocutory appeal in the supreme court from a ruling of the trial court granting a motion in limine pertaining to the matters described in this subsection (2), or from a ruling on a motion made pursuant to section 18–1–202(11), C.R.S., challenging the place of trial.

The plain language of this provision demonstrates that the right of the prosecution to bring an interlocutory appeal is limited to rulings affecting the use or admissibility of evidence or venue and that such an appeal is only to the supreme court.

C.A.R. 4.1 parallels § 16–12–102(2) by permitting the prosecution to commence interlocutory appeals and states:

> (a) Grounds. The state may file an interlocutory appeal in the supreme court from a *ruling of a district court* granting a motion under Crim. P. 41(e) and Crim. P. 41.1(i) made in advance of trial by the defendant for return of property and to suppress evidence or granting a motion to suppress an extrajudicial confession or admission; provided that the state certifies to the judge who granted such motion and to the supreme court that the appeal is not taken for purposes of delay and the evi-

dence is a substantial part of the proof of the charge pending against the defendant.

The interlocutory appeal permitted by this rule is limited to evidentiary matters and is to be made directly to the supreme court.

It is clear that, as to interlocutory appeals pursuant to § 16–12–102(2) and C.A.R. 4.1, the time necessary to complete the appeal is to be excluded from the computation of the statutory speedy trial time period. *See People v. Ferguson,* 653 P.2d 725 (Colo.1982).

■ It is equally clear that original proceedings pursuant to C.A.R. 21 which are interlocutory in nature likewise qualify for interlocutory appeal treatment pursuant to § 18–1–405(6)(b), whether commenced by the prosecution or by the defendant. *People v. Ferguson, supra; People v. Medina,* 40 Colo. App. 490, 583 P.2d 293 (1978).

C.A.R. 21 provides, in pertinent part, as follows:

(a) Writs Under Constitution. This rule applies only to the original jurisdiction of the Supreme Court to issue writs as provided in Section 3 of Article VI of the Colorado Constitution as amended.... Relief in the nature of prohibition may be sought in the Supreme Court where the district court is proceeding without or in excess of its jurisdiction or where the district court has granted or denied change of venue in actions in rem or in actions where the statute prescribes the forum.

■ C.A.R. 21 has limited application and, again, is limited to proceedings in the supreme court.

■ The parties agree, and we concur, that Crim. P. 7(h)(4), which permits the prosecution to appeal following a preliminary hearing, applies only in those instances in which, as the rule states, the information is to be dismissed in its entirety and the defendant discharged as a result of a finding of no probable cause. Thus, the rule applies to the termination of all proceedings in the trial court and does not form a basis for an "interlocutory appeal."

Accordingly, here, the prosecution's appeal to this court of the dismissal of the felony murder count is not within the scope of § 16–12–102(2), C.A.R. 4.1, C.A.R. 21, for which delay is excluded from the computation of the statutory speedy trial time; nor was it authorized by Crim. P. 7(h)(4). Thus, the time used in the prosecution of that appeal would not be excludable from the speedy trial period. *People v. Ferguson, supra.*

The prosecution argues, however, that its "interlocutory appeal" to this court was authorized by § 16–12–102(1), C.R.S. (1995 Cum.Supp.) as the appeal was limited to a point of law, that being that the trial court used an incorrect legal standard in dismissing the felony murder count against defendant and the conspiracy count against the juvenile.

Section 16–12–102(1), C.R.S. (1995 Cum. Supp.) states in relevant part:

The prosecution may appeal any decision of the trial court in a criminal case upon any question of law, and any order of the trial court granting a new trial after the entry of a verdict or judgment shall .constitute a final order which shall be immediately appealable pursuant to this subsection (1). If any act of the general assembly is adjudged inoperative or unconstitutional in any criminal case, it is the duty of the district attorney of the judicial district in which the court making such decision is situated to appeal on behalf of the people of the state of Colorado, unless the same issue of constitutionality is already pending before a reviewing court in another case.

In *People v. Jefferson,* 748 P.2d 1223 (Colo. 1988), our supreme court found that it had jurisdiction to entertain an appeal commenced by the prosecution pursuant to § 16–12–102(1) from the dismissal of one count of a multi-count indictment on the grounds that the statute defining the offense was unconstitutional. The supreme court predicated its holding on the obligation of the prosecution to appeal a trial court declaration that a statute is unconstitutional, authority permitting the appeal of such orders prior to final resolution of the criminal proceeding in the trial court, and that such orders were "final orders" with respect to the charges dismissed. The supreme court, however, specif-

ically limited its holding to appeals from a trial court order declaring a criminal statute unconstitutional. The rationale of *Jefferson,* to the extent it retains any vitality, does not provide the prosecution with any assistance in this case.

In *People v. Romero,* 801 P.2d 1192 (Colo. 1990), the supreme court refused to extend and distinguished *Jefferson* when the prosecution appealed from a trial court declaration that the statute limiting collateral attacks on criminal convictions was unconstitutional. The court distinguished *Jefferson* on the grounds that, in *Romero,* the trial court, after declaring the statute unconstitutional, was required to rule on defendant's motion for post-conviction relief following which the prosecution could appeal, if necessary. Therefore, a premature, or "interlocutory" appeal was not required to protect the interests of the prosecution in both the proceedings and the constitutionality of the statute.

The court stated:

Finally, denying appellate review in this case is consistent with the law and policy concerning interlocutory appeals by the prosecution in criminal cases. Because the prosecution in criminal cases generally is denied later appellate review, the prosecution is afforded more opportunity than is the defendant to appeal adverse interlocutory rulings.... *This relatively greater ability of the prosecution to bring interlocutory appeals, however, is severely limited out of concern that the prosecution may 'wear down' the defendant by taking an interlocutory appeal and because of the defendant's interest in the swift resolution of the case. ...*

*People v. Romero, supra,* 801 P.2d at 1194–95 (emphasis added).

Later, in *People v. Young,* 814 P.2d 834 (Colo.1991), the supreme court cast additional doubt on the vitality of *Jefferson.* In *Young,* the defendant was charged with first degree murder, and the prosecution sought the death penalty. The district court declared the death penalty statute facially unconstitutional, and the prosecution immediately appealed to the supreme court pursuant to § 16–12–102. The supreme court held that it did not have jurisdiction under § 16–

12–102 and proceeded to consider the matter as an original proceeding pursuant to C.A.R. 21.

The court stated:

In construing section 16–12–102 as a whole, we presume that the legislature's specific authorization of prosecutorial interlocutory appeals in subsection 16–12–102(2) combined with its failure to provide such authorization for other interlocutory appeals under subsection 16–12–102(1) indicates its intention to confine interlocutory appeals to those specified under subsection 16–12–102(2).

. . . .

We are persuaded by the concerns raised in *Romero* that we should not extend our holding in *Jefferson.* We cannot consider a pre-trial ruling that the death penalty statute violates the Colorado Constitution a 'final judgment' for the purposes of appeal under subsection 16–12–102(1). Our review of subsections (1) and (2) of section 16–12–102, taken as a whole and giving consistent, harmonious, and sensible effect to all the statutory language, also persuades us that an interlocutory appeal is not authorized under these circumstances. Accordingly, the prosecution's reliance on section 16–12–102(1) as the source of our jurisdiction to review the district court's interlocutory ruling is misplaced.

*People v. Young, supra,* 814 P.2d at 837, 838.

Following the *Young* decision, the General Assembly essentially resurrected *Jefferson* by the addition of the following sentence to § 16–12–102(1):

However, if a statute providing for the imposition of the death penalty is adjudged inoperative or inapplicable for any reason, such adjudication *shall constitute a final order* which shall be immediately appealable to the supreme court of Colorado, notwithstanding any statute or court rule to the contrary. (emphasis added)

It is significant that the General Assembly chose to declare an order invalidating or limiting the death penalty a "final order" eligible for immediate review in the supreme court rather than to create another basis for

an interlocutory appeal pursuant to § 16–12–102(2). This approach continued the limitation on interlocutory appeals to evidentiary and venue matters. Appeals pursuant to § 16–12–102(1) are otherwise to the court of appeals, not to the supreme court.

All appeals or appellate review authorized by statute or rule prior to final judgment are to the supreme court in the first instance. This approach is indicative of a conscious and consistent policy by the General Assembly and the supreme court that any delay occasioned by interlocutory appeals or proceedings be minimized. This minimization of delay is accomplished by (1) limiting review to one court; (2) making review under C.A.R. 21 discretionary; and (3) providing for expedited proceedings through C.A.R. 4.1 by, among other things, abbreviating the briefing schedule, limiting the record, and eliminating oral argument unless ordered by the court.

The impact of this conscious and consistent policy of minimizing delay can be dramatic, as illustrated by this case. Defendant's original proceeding pursuant to C.A.R. 21 was pending in the supreme court for three days. The prosecution's "interlocutory appeal" was still in its preliminary stages after 139 days and, in all probability, would have taken a minimum of two years before final resolution in the supreme court, assuming it accepted review. Such an eventuality would certainly implicate defendant's constitutional right to a speedy trial. *See generally Simakis v. District Court, supra.*

In the interim, had matters remained unchanged, defendant, who was indigent, would have remained incarcerated with bond set at $100,000 cash or surety premised in part on the fact that defendant was charged with first degree murder of which he was ultimately acquitted.

We conclude that the "interlocutory appeal" filed by the prosecution in this court is materially different from those interlocutory appeals or proceedings authorized by statute or rule, is not authorized by either statute or rule, and is not an interlocutory appeal within the meaning of § 18–1–405. Thus, the time during which the appeal of the interlocutory order was pending in this court cannot properly be excluded from the computation of the time within which trial must have been held pursuant to § 18–1–405, and the trial commencing August 23, 1994, was untimely.

III. Jurisdiction of the Court of Appeals

We reach the same conclusion by an analysis addressing the jurisdiction of this court over interlocutory appeals. We conclude, and the prosecution agrees, that any delay occasioned by the commencement of an appeal in an appellate court lacking jurisdiction is not to be excluded for the computation of the statutory speedy trial period pursuant to § 18–1–405(6)(b).

While the absence of any statute or rule authorizing an interlocutory appeal is jurisdictional, *see People v. Young, supra,* this court lacks jurisdiction over interlocutory appeals based upon the limited jurisdiction granted this court by statute.

The jurisdiction of this court is established by § 13–4–102(1), C.R.S. (1987 Repl.Vol. 6A), which provides, in pertinent part, as follows:

Any provision of the law to the contrary notwithstanding, the court of appeals shall have initial jurisdiction over appeals from *final judgments* of the district courts, . . . except in: . . . . (emphasis added)

Certain exceptions are set forth in the statute, but they do not relate to the final judgment requirement and concern themselves with the nature of the proceedings or the constitutionality of statutes and ordinances. *See* § 13–4–102(1)(a) through (h), C.R.S. (1995 Cum.Supp.). These exceptions have no relevance to us here.

In a criminal case, there is no final judgment until a judgment of acquittal; dismissal of the information or indictment in its entirety; or sentencing, including assessment of costs, following conviction. *See* Crim. P. 32(c); *Hellman v. Rhodes,* 741 P.2d 1258 (Colo.1987); *People v. Fisher,* 189 Colo. 297, 539 P.2d 1258 (1975).

An interlocutory appeal, on the other hand, is "an appeal of a matter which is not determinable of the controversy but which is necessary for a suitable adjudication

of the merits." *Black's Law Dictionary,* 815 (6th ed.1990); *see People v. Ferguson, supra; People v. Medina, supra.* Simply put, an interlocutory appeal is an appeal of an interlocutory order, which is an order that does not conclude the matter in the trial court.

In *D.H. v. People,* 192 Colo. 542, 561 P.2d 5 (1977), a juvenile appealed to this court an order transferring his case from juvenile court to district court. A division of this court dismissed the appeal, and the juvenile appealed to the supreme court, which affirmed, stating:

> As the court of appeals correctly noted, appeal to that court lies only from the final judgment of a district, superior, probate or juvenile court. . . .

> Clearly, a transfer order from juvenile to district court does not fit this definition. Such an order is interlocutory in nature and in no sense 'completely determine(s) the rights of the parties.' In effect, a transfer order resembles a bind-over from county court, . . . which may be reviewed by an original proceeding in cases where such review is deemed appropriate by this court.

*D.H. v. People, supra,* 192 Colo. at 543, 561 P.2d at 6; *see also People v. Anderson,* 703 P.2d 650 (Colo.App.1985).

Accordingly, we conclude that this court lacked subject matter jurisdiction over the "interlocutory appeal" filed by the prosecution in this instance.

### IV.  Conclusion

In this instance, the prosecution commenced an "interlocutory appeal" which was not authorized by the statutes, rules, or previous authority, in a court otherwise lacking subject matter jurisdiction. The resulting delay cannot be excluded from the computation of the statutory speedy trial period pursuant to § 18–1–405(6)(b). The trial commencing August 23, 1994, was untimely and violated defendant's statutory right to a speedy trial.

Because our ruling on the speedy trial issue is dispositive, we do not address the remaining issues raised on appeal.

Therefore, the judgment of conviction is reversed, and the cause is remanded with directions to dismiss the charges against defendant with prejudice and to enter an order discharging defendant from the sentence imposed.

PLANK and NEY, JJ., concur.